**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| GRETCHEN FRANCK, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>MARSHFIELD CLINIC, INC.,<br><br>Defendant. | Case No. 3:26-cv-00125-AMB |
| LISA MARIE PETTIS, HOLLY MATHEWS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MARSHFIELD CLINIC HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No. 3:26-cv-00105-AMB |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE CASES AND TO APPOINT INTERIM CLASS COUNSEL**

## TABLE OF CONTENTS

PAGE(S)


I. INTRODUCTION .......... 5

II. FACTUAL AND PROCEDURAL BACKGROUND .......... 7

III. ARGUMENT .......... 8

A. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS. .......... 8

B. THE COURT SHOULD APPOINT DAVID S. ALMEIDA AND CHRISTOPHER M. NIENHAUS OF ALMEIDA LAW GROUP LLC AND JAMES B. ZOURAS, RYAN F. STEPHAN AND MICHAEL CASAS OF STEPHAN ZOURAS, LLC INTERIM CLASS COUNSEL. .......... 10

i. Proposed Interim Class Counsel Performed Substantial Work in Investigating the Related Actions. .......... 11

ii. Proposed Interim Class Counsel Have Relevant Experience and Knowledge of the Applicable Law. .......... 12

iii. Proposed Interim Class Counsel Have Committed the Resources Necessary to Represent the Class and Will Continue to Commit Through the Pendency of the Litigation .......... 13

IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Blair v. Equifax Check Serv.*, Inc.,
181 F.3d 832 (7th Cir. 1999) .......... 8

*In re Life Partners Holdings, Inc.*,
No. 11-43, 2012 WL 12875942 (W.D. Tex. May 9, 2012) .......... 10

*In re Vanguard Chester Funds Lit.*,
625 F. Supp. 3d 362 (E.D. Penn. Sep. 1, 2022) .......... 11, 12

*Jay Kay Collision Ctr., Inc. v. CDK Glob., LLC*,
2025 WL 685752 (N.D. Ill. Feb. 19, 2025) .......... 11

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 7

*Miller Brewing Co. v. Meal Co.*,
177 F.R.D. 642 (E.D. Wis. 1998) .......... 7

*SJ Props. Suites, BuyCo, EHF v. Dev. Opportunity Corp.*,
2009 WL 3790009 (E.D. Wis. Nov. 12, 2009) .......... 8, 9

*Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*,
337 F.R.D. 405 (S.D. Ohio 2021) .......... 10

## STATUTES

18 U.S.C. § 2511(1) .......... 7

Wisconsin Statute § 968.31 .......... 7

## RULES

Fed. R. Civ. P. 23(g) .......... 4, 5, 9, 10, 11, 12

Fed. R. Civ. P. 42(a) .......... 4, 7, 9

## OTHER AUTHORITIES

Manual for Complex Litigation § 21.11 (4th ed. 2004) .......... 10

Further to Federal Rules of Civil Procedure 42(a) and 23(g)(3), Gretchen Franck, Lisa Marie Pettis, and Holly Mathews (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move for the consolidation of the "Related Actions" (defined below) and for the appointment of David S. Almeida and Christopher M. Nienhaus of Almeida Law Group LLC and James B. Zouras, Ryan F. Stephan and Michael Casas of Stephan Zouras, LLC as Interim Class Counsel.

## I. INTRODUCTION

Plaintiffs jointly bring this unopposed[1] motion to appoint interim class counsel and to consolidate two related actions pending before the Court: *Pettis, et al. v. Marshfield Clinic Health System, Inc.* (No. 3:26-cv-00105-AMB) (filed Feb. 11, 2026) ("*Pettis*") and *Franck v. Marshfield Clinic, Inc.* (No. 3:26-cv-00125) (filed Feb. 18, 2026) ("*Franck*" and together with *Pettis*, the "Related Actions").

The Related Actions involve common questions of law and fact against the same defendant, namely, Marshfield Clinic, Inc. ("Defendant" or "Marshfield Clinic"). The Related Actions arise from the same operative facts concerning Marshfield Clinic's alleged use of third-party tracking technologies ("Tracking Tools") to intercept and to disclose its patients' and prospective patients' highly sensitive protected health information ("PHI") and personally identifiable information ("PII" and together with PHI, "Sensitive Health Information") to third party data brokers such as Google LLC ("Google"). The types of injuries and economic damages are the same in the Related Actions. The Related Actions also seek similar remedies and compensation for those allegedly affected by Defendant's actions. As such, consolidation of the Related Actions pursuant to Rule 42(a) is

[1] Although Marshfield does not oppose the relief sought, it does not endorse all factual statements made in this motion.

appropriate because consolidation will promote judicial efficiency and ensure consistency in judicial rulings, thus reducing duplication, costs, and delay.

Appointment of interim class counsel is also appropriate. David S. Almeida and Christopher M. Nienhaus of Almeida Law Group LLC and James B. Zouras, Ryan F. Stephan and Michael Casas of Stephan Zouras, LLC (collectively, the "Proposed Interim Class Counsel") are highly experienced class action attorneys with vast expertise in privacy litigation, including specifically in class actions involving the use of tracking technologies. *See* Declaration of David S. Almeida ("Almeida Decl."); *id.* Ex. A (Almeida Law Group LLC Firm Bio); Declaration of James B. Zouras ("Zouras Decl."); *id.* Ex. A (Stephan Zouras, LLC Firm Resume). Undersigned counsel have researched and independently developed the legal theories and claims in this matter, investigated this matter by, among other things, interviewing with Plaintiffs and other class members, and are admitted (or are pending admission) to this District. Almeida Law Group LLC and Stephan Zouras, LLC possess the resources needed to prosecute this case efficiently on behalf of the proposed class and have already demonstrated their commitment to dedicating the necessary capital and other resources to that effort. As such, Proposed Interim Class Counsel are uniquely positioned to represent Plaintiffs and the proposed class. *See* Almeida Decl. ¶¶ 2, 4, 5 (discussing qualifications of counsel and work done to date on this case; *see generally* Zouras Decl. (similar).

As detailed below, the early designation of interim class counsel not only follows the approach this Court and others have taken in similar circumstances but is also warranted due to the large volume of affected patients and prospective patients of Marshfield Clinic who accessed and used Defendant's website. Designation of interim class counsel is crucial to promoting judicial efficiency including, but not limited to, at the pleading stage and in discovery. By exercising its

authority under Rule 23(g) to appoint interim class counsel, the Court will promote the fair and efficient resolution of this controversy.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Related Actions arise from Defendant's alleged use of Tracking Tools on its website—https://www.marshfieldclinic.org/ (the "Website")—to intercept and to disclose its patients' and prospective patients' highly sensitive PHI and PII to third party data brokers such as Google without their informed consent.

Defendant is one of the largest healthcare systems in Wisconsin with more than 60 clinic locations and 11 hospitals that serve over 300,000 patients annually. By and through Defendant's Website, Defendant's patients and prospective patients can, among other things: (i) view information related to their medical conditions and potential treatments; (ii) search for and view information about treating physicians; (iii) search for clinic and hospital locations; (iv) book appointments; and (v) access patient resources, including patient forms and information related to billing, insurance, prescription refills, and financial assistance.

Plaintiffs allege that Defendant installed Tracking Tools on the Website that collected their personally identifiable, Sensitive Health Information—including information related to their specific medical conditions, treatments, physicians, treating locations, insurance, and prescriptions—and transmitted that sensitive information to Google and other third-party data brokers. Plaintiffs, on behalf of themselves and all those similarly situated, contend that they have suffered numerous injuries including, but not limited to: (i) invasion of medical privacy; (ii) lack of trust in communicating with medical providers; (iii) emotional distress and heightened concerns related to the release of their Sensitive Health Information to third parties; (iv) loss of benefit of the bargain; (v) diminution of the value of their Sensitive Health Information; (vi) statutory damages; and (vii) continued and ongoing risk to their Sensitive Health Information.

To redress and remedy these harms, on February 11, 2026, Plaintiffs Pettis and Mathews filed a class action complaint in this Court alleging two counts against Defendant: (i) a violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq*. ("ECPA") and (ii) Negligence. *See Pettis*, ECF No. 1. Similarly, on February 18, 2026, Plaintiff Franck filed a class action complaint in this Court alleging the following statutory and common law claims against Defendant: (i) violations of the ECPA; (ii) violations of the Wisconsin Wiretap Statute, Wisconsin Statute § 968.31; (iii) Invasion of Privacy; (iv) Negligence; (v) Breach of Implied Contract; and (vi) Unjust Enrichment.

Plaintiffs now jointly seek an order consolidating the Related Actions.

## III. ARGUMENT

### A. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS.

Plaintiffs respectfully request that the Related Actions be consolidated. The power to consolidate related actions falls within every court's broad, inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a)(1)-(3); *see also Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 645 (E.D. Wis. 1998) (consolidating cases pursuant to Federal Rule of Civil Procedure 42 to "promote judicial economy and enable the court to resolve all current disputes between the parties in an expedited manner"). "By far the best means of avoiding wasteful overlap when related suits are

pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Serv.*, Inc., 181 F.3d 832, 839 (7th Cir. 1999).

Here, consolidation of the Related Actions is warranted as the actions raise the same questions of law and arise from the same set of facts surrounding Marshfield's alleged use of Tracking Tools on the Website. Specifically, each Related Action focuses on whether Marshfield is liable to Plaintiffs and the putative class, which consists of all persons who used the Website and whose Sensitive Health Information was disclosed or transmitted to Google or any other unauthorized third party without notice or consent. The Related Actions raise identical legal and factual issues related to Marshfield's duty to protect and to refrain from disclosing class members' Sensitive Health Information, arise from the same conduct, and involve similar injuries and economic damages. Further, the Related Actions will involve substantially the same discovery. As such, consolidation of the Related Actions would improve efficiency and consistency in judicial rulings and reduce delay and cost. *See, e.g.*, *SJ Props. Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (finding that consolidation is the preferred method to avoid unnecessary duplication of effort, prevent possible inconsistent adjudications, and promote judicial economy and efficiency).

If not consolidated, individual litigation of the Related Actions would result in virtually identical discovery requests and duplicative motion practice, resulting in an unnecessary drain on party and judicial resources. This is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. For instance, the Court in *Kaplan v. 21st Century Oncology Holdings, Inc.* determined that consolidation was appropriate under similar circumstances, based on the following findings:

> [T]he Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the

> cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well[.]
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a) . . . but also to 'secure the just, speedy, and inexpensive determination' of these proceedings."

No. 16-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016) (internal citation omitted), *report & recommendation adopted*, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016); *see also SJ Props. Suites, BuyCo.*, 2009 WL 3790009, at *1 ("[B]oth actions relate to a common core of factual questions: that is; they relate to the (1) same construction project, a hotel and condominium real estate development project; (2) the same property located at 1150 North Water Street, in downtown Milwaukee, Wisconsin . . . and, (3) involve many of the same parties. In addition, to avoid unnecessary duplication of efforts, consolidation of the actions would be highly efficient and economical. The examination of the common factual questions will likely involve discussion of the same exhibits and testimony. Absent consolidation, two judges . . . would expend valuable time

and effort considering the same evidence twice. Such duplication is inconsistent with the Court's goal of efficiency.").

Further, to promote continued judicial efficiency, Plaintiffs also respectfully request that the Court consolidate with this action any future cases filed in or transferred to this Court involving the same or similar facts. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. 11-43, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case"); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co*., 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Defendants suffer no prejudice by litigating one consolidated action rather than two—or many more—separate suits. Consolidation of the Related Actions would therefore benefit all parties involved.

### B. THE COURT SHOULD APPOINT DAVID S. ALMEIDA AND CHRISTOPHER M. NIENHAUS OF ALMEIDA LAW GROUP LLC AND JAMES B. ZOURAS, RYAN F. STEPHAN AND MICHAEL CASAS OF STEPHAN ZOURAS, LLC INTERIM CLASS COUNSEL.

"The [C]ourt may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointment of interim class counsel in consolidated putative actions helps "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation § 21.11 (4th ed. 2004).

Before the Court may appoint interim class counsel, it must evaluate whether the proposed counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

In doing so, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

**i. Proposed Interim Class Counsel Performed Substantial Work in Investigating the Related Actions.**

Proposed Interim Class Counsel have been diligent in investigating and advancing this case. Among other affirmative steps taken to advance their clients' claims, they have investigated the circumstances surrounding Defendant's use of Tracking Tools on the Website, interviewed Plaintiffs and putative class members regarding their use of Defendant's Website and the harms they have suffered following Defendant's transmission of their Sensitive Health Information to unauthorized third parties, including Google, and retained an expert to investigate the scope and duration of Defendant's use of Tracking Tools on the Website. Almeida Decl. ¶ 5; Zouras Decl. ¶ 9. Proposed Interim Class Counsel have devoted substantial time to researching the relevant law to prepare the complaints filed in the Related Actions. *Id.*

Courts have recognized these and similar efforts favorably in appointing interim class counsel. *See, e.g.*, *Jay Kay Collision Ctr., Inc. v. CDK Glob., LLC*, 2025 WL 685752, at *1 (N.D. Ill. Feb. 19, 2025) (appointing firms who had conducted "investigations of the legal claims and remedies for the affected businesses" including, "among other things: (i) investigating the facts surrounding the CDK Data Breach, (ii) interviewing businesses affected by the CDK Data Breach; (iii) researching legal claims; and (iv) drafting initial pleadings"); *In re Vanguard Chester Funds Lit.*, 625 F. Supp. 3d 362, 366 (E.D. Penn. Sep. 1, 2022) ("When analyzing the first Rule 23(g)(1)(A) factor, the work the work that counsel has done to identify or investigate potential claims, the court

may look to whether proposed counsel had interviewed class members, researched claims, and engaged experts to determine the depth of their investigation.") (cleaned up).

**ii. Proposed Interim Class Counsel Have Relevant Experience and Knowledge of the Applicable Law.**

"In terms of the second and third Rule 23(g)(1)(A) factors concerning knowledge and experience, courts have considered both the general and specific experience of counsel." *In re Vanguard Chester Funds Lit*., 625 F. Supp. 3d 362, 366 (E.D. Penn. Sep. 1, 2022). Almeida Law Group LLC and Stephan Zouras, LLC have both the requisite general experiencing litigating complex class actions and the specific experience litigating and resolving privacy cases involving tracking technologies.

As further detailed in the attached firm biography, Almeida Law Group LLC has served as lead or co-lead counsel in several privacy cases involving tracking technologies, including the following cases filed in Wisconsin courts:

- *In re Advocate Aurora Health Pixel Litigation*, 2:22-cv-01253 (E.D. Wis.) (co-counsel in pixel tracking class action, settled on a class-wide basis);
- *John v. Froedtert Health, Inc.*, 23-CV-1935 (Wis. Cir. Ct.) (co-counsel in pixel tracking class action, settled on a class-wide basis);
- *Guenther v. Rogers Behavioral Health System, Inc.*, 2023CV001572 (Wis. Cir. Ct.) (co-counsel in pixel tracking class action, settled on a class-wide basis);
- *Mrozinski v. Aspirus, Inc.*, 2023CV000170 (Wisc. Cir. Ct., Marathon Cnty.) (co-counsel in pixel tracking class action, settled on a class-wide basis); and
- *Doe v. ProHealth Care*, 2:23-cv-00296 (E.D. Wis.).

Almeida Decl. ¶ 2; *id.* Ex. A (Almeida Law Group LLC Firm Bio).

Likewise, Stephan Zouras, LLC has successfully served and is serving as lead counsel in hundreds of privacy class actions across the United States, including numerous actions involving tracking technologies. *See* Zouras Decl. ¶¶ 4, 8; *id*. Ex. A (Stephan Zouras, LLC Firm Resume).

### iii. Proposed Interim Class Counsel Have Committed the Resources Necessary to Represent the Class and Will Continue to Commit Through the Pendency of the Litigation.

Proposed Interim Class Counsel understand the time, energy, and skill necessary to lead this litigation, and have committed the resources required to ensure the effective and efficient representation of Plaintiffs and members of the proposed class. To date, Proposed Interim Class Counsel have devoted substantial resources to prosecuting this action, including by communicating with numerous putative class members, research the relevant law, drafting complaints, and working with experts to further investigate Defendant's use of tracking technologies on its website. Almeida Decl. ¶ 5; Zouras Decl. ¶ 9. As Almeida Law Group LLC's and Stephan Zouras, LLC's respective firm biographies and counsels' experience indicate, Proposed Interim Class Counsel have the resources and willingness to see this litigation through to its conclusion, including trial. Almeida Decl. ¶¶ 4, 6; *id.* Ex. A (Almeida Law Group LLC Firm Bio); Zouras Decl. ¶10; *id.* Ex. A (Stephan Zouras, LLC Firm Resume).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint David S. Almeida and Christopher M. Nienhaus of Almeida Law Group LLC and James B. Zouras, Ryan F. Stephan, and Michael Casas of Stephan Zouras, LLC as interim class counsel.

Dated: April 6, 2026

Respectfully submitted,

*/s/ David S. Almeida*

David S. Almeida (WI Bar # 1086050)

Christopher M. Nienhaus
(WI Bar # 1097650)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Ave.
Chicago, Illinois 60614
Tel.: (708) 529-5418
david@almeidalawgroup.com
chris@almeidalawgroup.com

James B. Zouras (*admitted pro hac vice)*
Ryan F. Stephan (*admitted pro hac vice)*
Michael Casas (*admitted pro hac vice)*
**STEPHAN ZOURAS, LLC**
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
Tel.: (312) 233-1550
Fax: (312) 233-1560
Firm ID: 43734
jzouras@stephanzouras.com
rstephan@stephanzouras.com
mcasas@stephanzouras.com

*Attorneys for Plaintiffs & the Putative Class*

**CERTIFICATE OF SERVICE**

I, David S. Almeida, hereby certify that on April 6, 2026, I served Plaintiffs' Memorandum of Law in Support of Motion to Consolidate and to Appoint Interim Class Counsel via email to counsel of Defendant Marshfield Clinic, Inc., Mark Solheim (msolheim@larsonking.com) and Shawn M. Raiter of Larson King, LLP (sraiter@larsonking.com).

*/s/ David S. Almeida*
David S. Almeida