**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

Gretchen Franck, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

Marshfield Clinic, Inc.,

Defendant.

Case No. 3:26-cv-00125

**Marshfield Clinic, Inc.'s Answer to Plaintiff's Class Action Complaint**

Defendant Marshfield Clinic, Inc. ("Marshfield" or "Defendant") makes the following Answer to the Class Action Complaint ("Complaint") of Plaintiff Gretchen Franck, on behalf of herself and all others similarly situated ("Plaintiff").

1. Marshfield denies each and every allegation, statement, or thing contained in the Complaint unless hereafter admitted, qualified, or otherwise answered.

2. Marshfield denies the allegations in Paragraphs 1, 2, and 3 of the Complaint.

3. With respect to Paragraph 4 of the Complaint, Marshfield states that it is a health system with facilities in Wisconsin but otherwise denies the allegation in that Paragraph.

4. With respect to Paragraph 5 of the Complaint, Marshfield admits that its website allows patient or prospective patients to perform various tasks or seek certain information, but the ability to do so is individualized and Marshfield therefore denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

5. Marshfield denies the allegations in Paragraphs 6, 7, 8, 9, 10, and 11 of the Complaint.

6. Marshfield lacks sufficient knowledge or information as to how Google conducts its business and therefore denies the allegations contained in Paragraphs 12 and 13 of the Complaint.

7. Marshfield admits the allegations contained in Paragraph 14 of the Complaint.

8. Marshfield denies the allegations in Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, and 23 of the Complaint.

9. With respect to Paragraph 24 of the Complaint, the statute that is partially quoted in that Paragraph speaks for itself and Marshfield denies all allegations inconsistent with the referenced statute. Marshfield denies all remaining allegations in that Paragraph.

10. Marshfield denies the allegations in Paragraphs 25, 26, and 27 of the Complaint.

11. With respect to Paragraph 28 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the allegations and places Plaintiff to her burden of proof.

12. Marshfield denies the allegations in Paragraph 29 of the Complaint.

13. Marshfield admits the allegations in Paragraphs 30 and 31 of the Complaint.

14. Marshfield denies the allegations in Paragraph 32 of the Complaint.

15. Marshfield admits the allegations in Paragraphs 33 and 34 of the Complaint.

16. Marshfield admits that venue is proper in this District for this action but denies the remainder of the allegations in Paragraph 35 of the Complaint.

17. With respect to Paragraphs 36, 37, 38, 39, 40, and 41 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs. Marshfield further states that: (1) the referenced documents speak for

themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

18. Marshfield denies the allegations in Paragraphs 42, 43, and 44 of the Complaint.

19. With respect to Paragraphs 45, 46, 47, 48, 49, and 50 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

20. Marshfield denies the allegations in Paragraph 51 of the Complaint.

21. With respect to Paragraphs 52, 53, 54, and 55 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

22. Marshfield denies the allegations in Paragraph 56 of the Complaint.

23. With respect to Paragraphs 57, 58, and 59 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

24. With respect to Paragraphs 60, 61, 62, 63, 64, 65, and 66 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs because the allegations are absolute, generalized, and overly simplistic statements about how websites, browsers, and or digital systems work. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

25. With respect to Paragraphs 67, 68, 69, 70, 71, 72, and 73 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

26. With respect to Paragraph 74 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations

inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

27. Marshfield denies the allegations in Paragraph 75 of the Complaint.

28. With respect to Paragraphs 76, 77, 78, 79 and 80 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about Google's operations. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

29. Marshfield denies the allegations in Paragraphs 81 and 82 of the Complaint.

30. With respect to Paragraphs 83, 84, 85, 86, 87, and 88 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in those Paragraphs about the screen shots pasted into the Complaint. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

31. Marshfield denies the allegations in Paragraphs 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 100 of the Complaint.

32. With respect to Paragraphs 101, 102, 103, and 104 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

33. Marshfield denies the allegations in Paragraphs 105 and 106 of the Complaint.

34. With respect to Paragraphs 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, and 117 of the Complaint, Plaintiff has selectively quoted, cited, and misstated various statutes and regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the referenced documents, statutes, and regulations speak for themselves and must be considered in whole and in a proper context.

35. Marshfield denies the allegations in Paragraph 118 of the Complaint.

36. With respect to Paragraph 119 of the Complaint, Plaintiff has selectively quoted, cited, and misstated various regulations attempting to assert legal conclusions. Marshfield denies the allegations made in this Paragraph and further states that the referenced regulations speak for themselves and must be considered in whole and in a proper context.

37. Marshfield denies the allegations in Paragraph 120 of the Complaint.

38. With respect to Paragraphs 121, 122, and 123 of the Complaint, Plaintiff has selectively quoted, cited, and misstated various documents and regulations attempting to assert legal conclusions. Marshfield denies the allegations made in these Paragraphs and further states that the referenced documents, statutes, and regulations speak for themselves and must be considered in whole and in a proper context.

39. Marshfield denies the allegations in Paragraphs 124 and 125 of the Complaint.

40. With respect to Paragraph 126 of the Complaint, Plaintiff does not identify the polls and studies referenced in that Paragraph and Marshfield lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

41. With respect to Paragraphs 127, 128, and 129 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations made in that Paragraph. Marshfield further states that: (1) the referenced documents speak for themselves, (2) Plaintiff has only selectively quoted from or summarized those documents, and (3) the documents or sources cited have not been verified or proven accurate. Marshfield specifically denies all allegations inconsistent with the referenced documents and further denies Plaintiff's attempts to summarize or paraphrase those documents.

42. With respect to Paragraph 130 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraph 130.

43. Marshfield denies the allegations in Paragraphs 131, 132, 133, 134, 135, 136, 137, and 138 of the Complaint.

44. With respect to Paragraphs 139 and 140 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations in those Paragraphs. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

45. Marshfield denies the allegations in Paragraphs 141 and 142 of the Complaint.

46. With respect to Paragraphs 143, 144, 145 and 146 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations in those Paragraphs. Marshfield therefore denies these allegations and places Plaintiff to her burden of proof.

47. Marshfield denies the allegations in Paragraphs 147, 148, 149, 150, 151, 152, and 153 of the Complaint.

48. Paragraphs 154, 155, 156, 157, and 158 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs.

49. Marshfield denies the allegations in Paragraphs 159, 160, 161, 162, 163, 164, 165, 166, and 167 of the Complaint contain legal assertions about class certification to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs and denies that a class can be certified because, among other reasons, individualized issues predominate and because the purported class is not ascertainable.

50. With respect to Paragraph 168 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 167 and incorporates them herein by reference.

51. Paragraphs 169, 170, 171, 172, 173, 174, and 175 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in those Paragraphs.

52. Marshfield denies the allegations in Paragraphs 176, 177, 178, 179, 180, and 181 of the Complaint.

53. Paragraphs 182 of the Complaint contains legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in this Paragraph.

54. Marshfield denies the allegations in Paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 192, and 193 of the Complaint.

55. With respect to Paragraph 195 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 194 and incorporates them herein by reference.

56. Paragraphs 196, 197, 198, 199, 200, 201, and 202 of the Complaint contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs.

57. Marshfield denies the allegations in Paragraphs 203, 204, 205, and 206 of the Complaint.

58. Paragraphs 207 and 208 contain legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in these Paragraphs.

59. Marshfield denies the allegations in Paragraphs 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, and 219 of the Complaint.

60. With respect to Paragraph 220 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 219 and incorporates them herein by reference.

61. With respect to Paragraphs 221 and 222 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraphs 221 and 222.

62. Marshfield denies the allegations in Paragraphs 223 and 224 of the Complaint.

63. With respect to Paragraph 225 of the Complaint, Marshfield lacks sufficient knowledge or information to admit or deny the allegations, which are individual in nature and can only be determined by individualized evidence from each person. Marshfield therefore denies the allegations of Paragraph 225.

64. Marshfield denies the allegations in Paragraphs 226, 227, 228, 229 and 230 of the Complaint.

65. Paragraph 231 of the Complaint contains legal assertions to which no response is required. To the extent a response is required, Marshfield denies the allegations in this Paragraph.

66. With respect to Paragraph 232 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 231 and incorporates them herein by reference.

67. Marshfield denies the allegations in Paragraphs 233, 234, 235, 236, 237, 238, 239, and 240 of the Complaint.

68. With respect to Paragraph 241 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 240 and incorporates them herein by reference.

69. Marshfield denies the allegations in Paragraphs 242, 243, 244, 245, 246, 247, and 248 of the Complaint.

70. With respect to Paragraph 249 of the Complaint, Marshfield restates its responses to the allegations in Paragraphs 1 through 248 and incorporates them herein by reference.

71. Marshfield denies the allegations in Paragraphs 250, 251, 252, 253, 254, 255, 256, 257, 258, and 259 of the Complaint.

## PRAYER FOR RELIEF

72. Marshfield denies that Plaintiff is entitled to judgment in her favor or to any relief including that requested in Sections a – g of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof to any issue or defense, Marshfield asserts the following defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff and purported class members were aware of and consented to the terms and conditions of their use of Marshfield's website.

3. The alleged conduct of Marshfield was not the proximate cause of the losses alleged by Plaintiff and the purported class members.

4. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, by the applicable statutes of limitations.

5. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, by Plaintiff's and class members' consent to Marshfield's actions.

6. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because the relief sought by Plaintiff and the purported class members is speculative, remote, and/or cannot be ordered against Marshfield.

7. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because Plaintiff and class members lack standing to obtain the relief sought and/or available by law for the alleged claims.

8. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because the damages sought by Plaintiff and the purported class members are speculative, remote, and/or impossible to ascertain.

9. Plaintiff's claims and the claims of the purported class members are barred in whole or in part because of Plaintiff's and the class members' failure and failures to mitigate alleged damages.

10. Plaintiff's claims and the claims of the purported class members are barred by Plaintiff's contributory negligence and/or comparative fault.

11. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because Plaintiff's and class members' actions diminished the value of any damages.

12. The damages, if any, suffered by Plaintiff and the purported class members in connection with their use of Marshfield's website are limited to the remedies provided by the terms of use of the website.

13. Plaintiff's claims and the claims of the purported class members are barred in whole or in part by the acts, omissions and/or negligence of third parties for which Marshfield was not responsible, which was the sole proximate cause or the superseding or intervening cause of Plaintiff's and the purported class members' alleged damages.

14. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because a third party or third parties are responsible for any damages Plaintiff and class members suffered.

15. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because Plaintiff's and class members' own actions are responsible for any damages and/or harms Plaintiff and class members suffered.

16. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because Plaintiff and class members knew or should have known of Marshfield's actions at the time Plaintiff and class members used Marshfield's website.

17. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, by Plaintiff's and class members' assent to certain terms and conditions regarding their use of Marshfield's website and their relationship with Marshfield.

18. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because they are preempted by federal law.

19. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because the causes of action did not arise in Wisconsin or under Wisconsin law.

20. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, by the First and Fourteenth Amendment of the United States Constitution as Marshfield's alleged conduct is protected speech.

21. Aggregating the claims and damages on a class-wide basis would be excessive and violate Marshfield's due process rights.

22. To the extent Plaintiff has raised any claims attempting to impose requirements on Marshfield beyond those put forth by federal law, regulations or standards, those state law claims are preempted by federal law.

23. To the extent that Plaintiff's claims and the claims of purported class members rely on regulatory agency guidance, such guidance is not entitled to deference, including but not limited to, because it is inconsistent with the relevant statutes and/or regulations.

24. To the extent that Plaintiff's claims and the claims of purported class members rely on regulatory agency guidance or changes in law, Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, because such guidance and changes in law only apply prospectively.

25. Any monetary damages awarded to Plaintiff and the purported class members must be reduced to the extent that Plaintiff and the purported class members owe any amounts to Marshfield.

26. Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, by the doctrines of waiver, release, unclean hands, estoppel, and laches.

27. Marshfield reserves the right to assert additional affirmative defenses or claims as may become apparent in the course of additional investigation and discovery.

## Jury Demand

Marshfield hereby demands a trial by jury on all issues raised by the pleadings.

## Defendant's Prayer for Relief

**WHEREFORE**, having stated its answer and defenses, Marshfield prays for relief as follows:

1. That this action be dismissed with prejudice;

2. That this action proceeds between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23;

3. For attorneys' fees and costs as permitted by law; and

4. For such other and further relief as this Court deems just and proper.

**Reservation of Rights**

Marshfield reserves the right to assert additional defenses, counterclaims, and/or third-party claims that may appear or become available as discovery and investigation progresses, and hereby reserves the right to amend its Answer to assert any such defenses or claims.

Dated: April 15, 2026

**Larson · King LLP**

By *s/Mark A. Solheim*

Mark A. Solheim (WI #1028001)
Shawn M. Raiter (WI #1022977)
Matthew B. Bolt (MN #0403468)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
msolheim@larsonking.com
sraiter@larsonking.com
mbolt@larsonking.com

**Attorneys for Defendant**